**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOHN LONGO,**

    **Plaintiff,**

vs.                                     **CASE NO. 4:23-cv-00234-MW-MAF**

**FLORIDA COMMISSION
ON OFFENDER REVIEW,
et al.,**

    **Defendants,**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner proceeding *pro se*, initiated this civil rights case, pursuant to 42 U.S.C. § 1983 followed by an amended complaint. ECF Nos. 1, 10. Plaintiff paid the filing fee. ECF No. 1. Nonetheless, the Court was required to screen the complaint under 28 U.S.C. § 1915A and construes Plaintiff's allegations liberally. Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). For the reasons stated, this case should be dismissed as malicious because Plaintiff affirmatively misrepresented his litigation history.

**I.  Standard of Review**

A federal court conducts an initial screening of a *pro se* complaint to

determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal without prejudice as malicious where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Case No. 4:23-CV-00234-MW-MAF

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders," and the Court may dismiss a claim without prejudice even for a minor violation of a court order. Id.; see also Dynes v. Army Air Force Exch. Serv., 720 F. 2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion).

This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. A case in which a plaintiff has maliciously abused the judicial process warrants dismissal.[1]

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse

## II. Plaintiff's Initial Complaint, ECF No. 1.

Plaintiff' initial complaint was on the wrong form. ECF No. 1. Plaintiff sued the Florida Commission on Offender Review (FCOR); FCOR Chairwoman Melinda N. Coonrod; FCOR Commissioners Richard Davison and David Wyant; and Plaintiff's private attorneys retained to represent him during his parole hearings. Id., p. 1. Plaintiff alleged that at his parole hearings in 2013 and 2019, Coonrod was advised that factual and computational errors were made at Plaintiff's initial parole hearing in 2008; but she did not order a recalculation of his parole date. Id., p. 6. Plaintiff's prior arson conviction was used to wrongly enhance his sentence; and he should have been rescored without reliance on aggravating factors. Id.

In 1996, the law in Florida changed so that due process challenges were subject to a one-year statute of limitations when there had been none before.[2] Id. Plaintiff transferred to the New Jersey prison system nearly a decade earlier; and the FCOR did not notify Plaintiff of the statutory change. Id. Plaintiff alleged he was denied the right to attend his parole hearing, which cost him an extra fifteen years in prison and $70,000 in attorneys fees. Id.,

---

of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

[2] Plaintiff cites to Fla. Stat. 95.11(5)(F).

Case No. 4:23-CV-00234-MW-MAF

p. 7. Plaintiff claims FCOR commissioners acted like a trial court in permitting the prior arson conviction to change the trial court's sentence of life with 25 years of parole ineligibility to a term of 95 years of parole ineligibility. Id.

Plaintiff alleged his attorneys committed various acts amounting to legal malpractice. Id., pp. 10-12. Plaintiff asked this Court to conduct an evidentiary hearing to determine there was no time limit to present his claims to the FCOR and that the FCOR kept him ignorant of the changes to the Florida statute. Id., p. 15. Plaintiff wanted a new parole hearing with new commissioners or immediate release on parole and sought monetary damages. Id.

The Court found Plaintiff's complaint legally insufficient, identified certain deficiencies, and ordered him to amend. ECF No. 7. Plaintiff was specifically warned that the failure to disclose his litigation history would result in dismissal. Id., pp. 5, 11. Plaintiff filed an amended complaint.

### III. Plaintiff's Amended Complaint, ECF No. 10.

Plaintiff sued the FCOR, Coonrod, and Davison, all in their individual- and official capacities. ECF No. 10, pp. 1-3. Plaintiff admits he was sentenced to 25 years to life in prison following his conviction for first-degree murder. Id., p. 5. To date, Plaintiff has served 40 years in prison, which he claims is "maxed out." Id. Plaintiff raises the same allegations. He was

transferred to the New Jersey prison system in 1987; and at that time there was no statute of limitation to file an extraordinary writ. Id. The FCOR failed to inform Plaintiff of the change to the Florida statutes imposing a one-year statute of limitation. Id. Had Plaintiff known about the change in the law, he would have applied for relief within the statute of limitations. Id.

Plaintiff's 1982 arson conviction was used to support the FCOR's decision in denying Plaintiff's parole. Id., pp. 5-6. Plaintiff claims the failure to notify him of the statutory change violated his constitutional rights. Id., pp. 8-9. Id., pp. 5. Plaintiff wants an evidentiary hearing to show the methodology used at his parole hearings was fundamentally flawed so he may file a writ for mandamus that is not barred by the statute of limitations. Id., p. 10. Notably, Plaintiff failed to disclose any of his litigation history. Id., pp. 12-15.

## IV. Plaintiff's Affirmative Misrepresentations

On the complaint form, Section VIII. PRIOR LITIGATION, advises:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***

ECF No. 10, p. 11.

Question B asks, "Have you filed other lawsuits or appeals in state or

Case No. 4:23-CV-00234-MW-MAF

federal court dealing with the same facts or issue involved in this case?" ECF No. 1, p. 13. Plaintiff did not respond though he was required to do so. Id.

Question C asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?" Id., p. 13. Plaintiff responded, "No," and entered "N/A" in the sections designated for any case numbers and identifying information. Id., p. 14. Plaintiff's response is false.

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of certain state and federal cases in which Plaintiff was a party. During the 1980s, Plaintiff had several criminal cases in Miami-Dade County, notably, Case No. 13-1983-CF-004328-0001, in which he was convicted of first-degree murder.[3] Plaintiff challenged his conviction by filing a federal habeas petition, pursuant to 28 U.S.C. § 2254, in Southern District of Florida Case No. 1:94-cv-01929-FAM. At the time, Plaintiff was represented by counsel. The case was dismissed; and Plaintiff appealed the decision to the Eleventh Circuit Court of Appeals, which affirmed the district court's decision without written

---

[3] Plaintiff's identity can be verified with his birthdate on the Miami-Dade County case information as compared with his birthdate listed on the website for the State of New Jersey Department of Corrections. Miami-Dade County criminal records are available online at the following URL: https://www2.miamidadeclerk.gov/cjis/CaseSearch.aspx. Inmate records at the State of New Jersey Department of Corrections are available online at the following URL: https://www20.state.nj.us/DOC_Inmate/inmatesearch. Accessed 8/22/2023.

Case 4:23-cv-00234-MW-MAF    Document 11    Filed 08/22/23    Page 8 of 11

Page 8 of 11

opinion. <u>Longo v. Fla. Dept of Corr.</u>, 98 F.3d 1354 (11th Cir. 1996).

Plaintiff also filed several cases pursuant to 42 U.S.C. § 1983 in New Jersey District Court, the same court which transferred the instant case to the Northern District of Florida. The Court will not list all of Plaintiff's litigation history because it is Plaintiff's responsibility to disclose it. Still, Plaintiff filed a Section 1983 complaint in the District of New Jersey challenging the conditions of his confinement. In a letter to the Commissioner of the New Jersey Department of Corrections, filed in the case in 2009, Plaintiff complained that he was still "forced into cells and [t]railer housing with smokers." D. N.J. No. 2:94-cv-03919-AMW, <u>Longo v. Fauver, et al.</u>, D.E. 78.[4]

Assuredly, there are other cases, but these three cases serve as evidence that Plaintiff affirmatively misrepresented his litigation history even in the face of the Court's warning. The complaint form contains a "Certification" section (Section IX(1)), which states: "*I declare, under penalty of perjury, that all of the information stated above (including all continuation pages) is true and correct.*" ECF No. 10, p. 16. Plaintiff signed the complaint under penalty of perjury. <u>Id.</u>

Prisoners must accurately disclose their litigation history on the

---

[4] This case is verified as initiated by Plaintiff by comparing Plaintiff's prison identification number 210633.

Case No.  4:23-CV-00234-MW-MAF

complaint form under the penalty of perjury. Affirmative misrepresentations constitute an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under §§ 1915(E)(2)(B)(i) and 1915(b)(1). See Ealy v. CCA, 2015 U.S. Dist. LEXIS 173850, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). When an action is dismissed for abuse of the judicial process, it counts as a strike for Section 1915(g) purposes. Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir. 2010) (unpublished).

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete this section of the form. The time spent verifying the cases a plaintiff filed but failed to identify, as well as the claims raised in those cases and the final disposition can be considerable. A *pro se* prisoner's affirmative misrepresentations of his litigation history will not be tolerated. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.

Here, Plaintiff knew that accurate disclosure of his litigation history was required and dismissal of the instant action might result from any untruthful answers. If Plaintiff suffered no penalty, there would be little or no

disincentive for him to attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. This Court should not allow Plaintiff's misrepresentations to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is dismissal without prejudice. See Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Shelton v. Rohrs, 406 F. App'x 340, 340-41 (11th Cir. 2010) (affirming dismissal where prisoner failed to disclose four previous civil actions, finding that even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits).

Plaintiff will not be prejudiced by this dismissal and may choose to initiate a new case presenting his claims in a complaint that follows the Rules governing these cases, subject to a new case number and filing fee.

## V.   Conclusion and Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C.

Case No.  4:23-CV-00234-MW-MAF

§§ 1915A(b)(1) and 1915(e)(2)(B)(i) as malicious because Plaintiff made affirmative misrepresentations relating to his litigation history. The case should be **CLOSED** with an Order directing the Clerk of Court to note on the docket that this cause was **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and counts as a strike under the Prison Litigation Reform Act.

**IN CHAMBERS** this 22nd day of August, 2023.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).